UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KENNETH P.,[1]                                              Case No. 6:20-cv-00147-MK

                Plaintiff,                            **OPINION**
**AND ORDER**

    v.

COMMISSIONER, Social Security
Administration,

                Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

       Plaintiff Kenneth P. seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying his applications for disability

insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and supplemental

security income ("SSI") under Title XVI. This Court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a

Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule

of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 4. For the reasons set forth below,

the Commissioner's decision is REVERSED and this case is REMANDED for further

proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of
non-government parties and their immediate family members.

## PROCEDURAL BACKGROUND

Plaintiff filed his DIB application in January 2017, and his SSI application in August 2018, with an amended alleged onset dates in both applications of June 22, 2017.[2] Tr. 17, 34. His applications were denied initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in October 2018, during which Plaintiff voluntarily dismissed his DIB claim. *Id*. at 17–26; *see also* Tr. 34. On December 11, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 17–26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *Id*. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 37 years old on his alleged onset date. Tr. 63. Plaintiff left high school before graduating and has past work experience as a Woodland Firefighter and as a Wood Finisher. Tr. 41. Plaintiff developed substance abuse issues and "self-medicat[ed]" with methamphetamine, heroin, and cannabis; he has been in recovery since the Summer of 2017. Tr. 34, 48. He alleged disability in his applications based on a torn bicep tendon in his right shoulder, torn ligaments in both ankles, back pain, right knee pain, acid reflux, irritable bowel syndrome, hyperactive disorder, dyslexia, and anxiety. Tr. 217.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It

---

[2] "Tr." citations are to the Administrative Record. ECF No. 15.

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's]

physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if

not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to

determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related

activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e),

416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can

perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If

the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must

establish that the claimant can perform other work that exists in significant numbers in the

national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner

meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since his alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff had the following

severe impairments: remote history right superior labrum anterior and posterior tear repair; right

labral tear (non-dominant arm); post-traumatic stress disorder ("PTSD"); depressive disorder, not

otherwise specified ("NOS"); moderate cannabis use disorder; and heroin abuse in remission. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. *Id*. The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following limitations:

> The claimant can occasional[y] perform overhead reaching with the right upper extremity (non-dominant arm). Additionally, the claimant can understand, remember, and carry out simple, routine repetitive tasks with no more than occasional contact with co-workers and public.

Tr. 22.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 24. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers such that Plaintiff could sustain employment despite his impairments. Tr. 25. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 26.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ erred by improperly rejecting his subjective symptom testimony; and (2) the ALJ erred in his weighing of the medical opinion evidence. The Court addresses each argument in turn.

## I.    Subjective Symptom Testimony

Plaintiff asserts that the ALJ erred by improperly rejecting his subjective symptom testimony. Pl.'s Op. Br. at 4, ECF No. 24. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

1996) (internal citation omitted). A general assertion [that] the claimant is not credible is

insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence

suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude

that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d

748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's

subjective symptom testimony is "supported by substantial evidence in the record, [the court]

may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)

(internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is

not an examination of an individual's character," and requires that the ALJ consider all the

evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3]

SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case

record, including the objective medical evidence; an individual's statements about the intensity,

persistence, and limiting effects of symptoms; statements and other information provided by

medical sources and other persons; and any other relevant evidence in the individual's case

record." *Id.* at *4.

Regarding Plaintiff's mental impairments, he testified his PTSD caused flashbacks. Tr.

49. His anxiety was "almost continuous" and manifested with him feeling "pressure," difficulty

breathing, and caused him to sweat. *Id.* He also experienced panic attacks, sometimes daily, that

typically lasted a "[c]ouple [of] hours." Tr. 53. Plaintiff's depression kept him from "leav[ing]

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

his room" where he sits in bed. Tr. 50.  He did not socialize or spend time with friends. Tr. 44.
When asked if he was currently receiving mental health treatment, he replied: "I would, but I
don't -- I can't find the time right now with having to try and figure out how I'm going to survive
day to day[.]" Tr. 42; *see also* Tr. 43 (Q: "Why didn't you keep up with [counseling or
therapy]?" A: "Because it was a big interference in taking care of myself, like I have a lot of
anxiety. So, it takes a long time for me to get up and do something anyway. And I just couldn't
get there.").

Regarding Plaintiff's physical impairments, he testified his ankles "roll[ed] really easy"
because of faulty tendons. Tr. 44. A herniated muscle in his shin made walking "really painful,"
and "nerve damage right below [his] knee [made] it even more painful to walk." *Id.* A bicep
tendon tear off his shoulder caused pain and his shoulder to not "stay in socket[.]" *Id.*

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while
Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's
"statements concerning the intensity, persistence and limiting effect of these symptoms [were]
not entirely consistent with the medical evidence and other evidence for the reasons explained in
[her] decision." Tr. 24.

The Commissioner asserts that the ALJ properly rejected Plaintiff's subjective symptom
testimony because there were "minimal records in the file regarding Plaintiff's impairments."
Def.'s Br. 4 (citing Tr. 23). Specifically, the Commissioner directs the Court to a number of
records in which Plaintiff presented with "grossly normal psychological functioning during the
relevant period." Def.'s Br. 5. The Commissioner also asserts that the ALJ properly rejected
Plaintiff's testimony because he "never received mental health counseling or medication for his

allegedly debilitating mental health condition." *Id.*; *see also id.* at 5–6 (discussing conservative treatment relating to physical impairments).

The ALJ's rejection of Plaintiff's testimony failed satisfy the rigorous clear-and-convincing standard for several reasons. First, a lack of objective evidence in the record may not form the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.") (internal quotation marks and brackets omitted). Therefore, the ALJ was required to supply additional justification beyond her assertion file contained "minimal records" to reject Plaintiff's testimony.

Second, despite the Commissioner's references to "grossly normal" medical records, in context of mental health, courts routinely reject such a reliance. *See Ghanim*, 763 F.3d at 1164 (rejecting ALJ's reliance on the claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive functioning during therapy sessions [did] not contradict [the claimant's] reported symptoms of depression and social anxiety"); *see also Claire G. v. Berryhill*, No. 3:18-cv-00492-HZ, 2019 WL 2287733, at *10 (D. Or. May 28, 2019) ("Simply pointing to the instances of noted normal or bright mood do not, without a more thorough discussion, show a contradiction between Plaintiff's testimony and the medical record.").

Third, the ALJ failed to consider that symptoms wax and wane over time and that cycles of improvement are often followed by bouts of debilitating symptoms. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir.

2014) (explaining that an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects longstanding psychological disability); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]tatements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Here, an independent review of the record reflects that Plaintiff's subjective complaints find support in the albeit limited record. *See, e.g.*, Tr. 426 (presenting anxious, restless, and unkempt); Tr. 431 (assessing moderate depression); Tr. 393 (appearing anxious); Tr. 388 (reporting "long history of marked anxiety" and PTSD, "not sleeping due to nightmares," and self-medicating for these conditions); Tr. 366 (prescribing Xanax for anxiety); Tr. 357–58 (reporting "severe anxiety" as reason for vist).

Finally, the Commissioner's contention that the ALJ was permitted to impugn Plaintiff's testimony based on his lack of treatment is unpersuasive. *See* 20 C.F.R. §§ 404.1529(c)(iv–v), 416.929(c)(iv–v) (explaining that the effectiveness of treatment is a relevant factor ALJs may consider when evaluating subjective symptom testimony). The Ninth Circuit has explained that failure to seek or follow a prescribed course of mental health treatment is problematic reason to discredit mental health complaints. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) ("Indeed, we have particularly criticized the use of a lack of treatment to reject mental health complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Nguyen v. Chater*, 100

F.3d 1462, 1465 (9th Cir. 1996))). This was not therefore a clear and convincing reason to

discount Plaintiff's testimony regarding his mental health limitations.[4]

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's

subjective symptom testimony. The ALJ's evaluation of Plaintiff's subjective symptom

testimony is therefore reversed.

## II.    Medical Opinion Evidence

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence. Pl.'s Op.

Br. at 15, ECF No. 24. The ALJ is responsible for resolving conflicts in the medical record,

including conflicting physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d

1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of

physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20

C.F.R. §§ 404.1527, 416.927.[5] The opinions of treating physicians are generally accorded greater

weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2);

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion that is not

contradicted by the opinion of another physician can be rejected only for "clear and convincing"

reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a treating physician's

opinion is contradicted by the opinion of another physician, however, the ALJ must provide

---

[4] Plaintiff's conservative course of treatment was, however, a clear a convincing reason to reject his testimony regarding his physical impairments. *See, e.g.*, Tr. 438 (noting history of physical therapy and over-the-counter medications for shoulder pain); Tr. 440 (physician declining to recommend surgical intervention and instead offering a trigger point injection that Plaintiff declined); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (noting that "conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment").

[5] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

"specific, legitimate reasons" for discrediting the treating physician's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotation omitted).

Scott Alvord, Psy.D., conducted a psychiatric evaluation of Plaintiff in September 2018 for which he conducted a clinical interview, mental status examination, and reviewed available medical records. Tr. 442–51. During the interview, Plaintiff presented as "paranoid and clearly suspicious," and the doctor noted that he had been "transiently suicidal over the years." Tr. 448. Plaintiff reported his long history of substance abuse issues that began in 1996 after being prescribed Vicodin in relation to a physical injury and disclosed his continued cannabis use. *Id.* at 448–49.

During Plaintiff's mental status exam, he presented with a depressed mood and labile affect. Tr. 449. His thought processes were "profoundly tangential," with rapid and impoverished speech. *Id.* His memory remained intact as did his attention and concentration. *Id.* at 450. He presented with mildly impaired insight, but adequate judgment. *Id.* Dr. Alvord diagnosed Plaintiff with chronic PTSD, depressive disorder NOS, cannabis use disorder, opioid use disorder (sustained one year remission), and mild neurocognitive disorder. *Id.* The doctor had the following diagnostic impression:

> As a result of clinical interview and a review of available records, the following diagnostic impressions are provided. Generally, Kenneth [P.] presents as an individual who meets the criteria for chronic PTSD as well as a probable mild Neurocognitive Disorder. Etiology of neurocognitive deficits is almost impossible to determine. He continues to use cannabis which is certainly contributory, but at the same time likely is beneficial as it lessens anxiety. Again, it is very difficult to make a definitive statement regarding ongoing cannabis use. Psychiatric care is indicated. He is suspicious and paranoid and clearly is an individual who will

> struggle to apply himself to treatment and follow treatment
> recommendations given suspiciousness, and the fact that I do not
> believe he trusts authority figures. As a result, his prognosis is
> guarded. He should be monitored closely for increasing suicidal
> ideation.

Tr. 450.

In terms of functional limitations, Dr. Alvord opined that Plaintiff was mildly impaired in his ability to understand, remember, and carry out simple instructions. Tr. 443. He was markedly limited in his ability to understand, remember, and carry out complex instructions as well as his ability to make judgments on complex work-related decisions. *Id.* The doctor further concluded that Plaintiff was moderately limited in his ability to interact with the public, supervisors, and coworkers as well as his ability to respond appropriately to typical changes in routine work settings. *Id.* As a result of Plaintiff's psychiatric impairments, the doctor opined that Plaintiff would miss two days of work each month. Tr. 445.

The ALJ gave Dr. Alvord's opinion limited weight. Tr. 23. The Commissioner argues this was appropriate because Dr. Alvord's opinion: (A) relied too heavily on Plaintiff's subjective complaints; and (B) was inconsistent with the medical record. Tr. 23. Notably, the Commissioner acknowledges that because the doctor's opinion was not contradicted, the ALJ was required to provide clear and convincing reasons in order to reject the opinion as opposed to the lower specific, legitimate standard. *See Baxter*, 923 F.2d at 1396.

### A.    Plaintiff's Subjective Reports

As noted, the Commissioner asserts that the ALJ appropriately discounted Dr. Alvord's opinion because the opinion was based largely on Plaintiff's subjective complaints. Def.'s Op. Br. at 9, ECF No. 27. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.1999). Here, however, for the reasons discussed above, the ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's testimony. As such, this was not a clear and convincing reason to reject Dr. Alvord's opinion.

### B.    Consistency with Medical Records

The Commissioner next asserts that the ALJ properly discounted Dr. Alvord's opinion because the opinion lacked support in the record. Def.'s Op. Br. 11, ECF No. 27. An ALJ may discount medical opinions that are conclusory "and unsupported by the record as a whole . . . or by objective medical findings." *Batson*, 359 F.3d at 1195. The Commissioner again directs the Court to "normal mood and psychological findings" that the Court already addressed in assessing the ALJ's subjective symptom testimony evaluation. *Compare* Def.'s Br. 7, *with id.* at 11. For the reasons discussed *supra* at I, the ALJ's reliance on purported "normal" findings failed to take the "holistic review of the record" the Ninth Circuit has mandated in social security disability appeals involving claimants with mental health issues. *See Ghanim*, 763 F.3d at 1162; *see also Garrison*, 759 F.3d at 1017. Accordingly, a lack of support in the medical record in this case was not a clear and convincing reason for the ALJ to reject the only opinion from a medical professional who opined as to the functional limitations of Plaintiff's mental health impairments. This case must therefore be remanded.

## III.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Coleman*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony in relation to his mental health impairments and the only medical opinion that considered those impairments.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the Court finds that the record would benefit from further development.

For example, the Commissioner's argument that Dr. Alvord was unaware of the entire scope of Plaintiff's drug and alcohol use is well taken. A review of the doctor's opinion and medical evidence reveals that Dr. Alvord was unaware of the extent of Plaintiff's past drug use and alcohol abuse. Compare Tr. 449 *with*, Tr. 423, Tr. 430, Tr. 439, *and* Tr. 449. The Court thus concludes the record would benefit from an additional medical opinion that has the benefit of Plaintiff's complete history.

Accordingly, this case is remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom as to his mental health impairments; (2) order a consultative examination to assess the impact of Plaintiff's mental impairments on his ability to function; (3) conduct a *de novo* review of the medical opinion evidence of record in light of the consultative examiner's opinion; (4) obtain additional VE testimony based on a reformulated RFC; and (5) conduct any further necessary proceedings. *See Burrell v. Colvin*, 75 F.3d 1133, 1141 (9th Cir. 2014).

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this <u>30th</u> day of September 2021.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge